NO. 07-07-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 14, 2009

_____

JAMES MILTON ROBERTS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 07-07-07649-CR; HONORABLE K. MICHAEL MAYES, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, James Milton Roberts, was convicted by a jury of two separate counts of aggravated sexual assault. After pleading true to the enhancement paragraphs, Appellant was sentenced as a habitual sex offender and punishment was assessed by the trial court at confinement for life. Notwithstanding that the appellate record and briefs have been filed, it has come to this Court's attention that both *Trial Court's Certifications of Defendant's Right of Appeal* signed on September 4, 2007, contained in the

clerk's record do not comply with Rule 25.2(d) of the Texas Rules of Appellate Procedure. Rule 25.2(d) was amended effective September 1, 2007, to require that a defendant sign the certification and receive a copy. Additionally, the amended form provides certain admonishments to a defendant not previously required.[1]

Although sentence was imposed on August 8, 2007, the certification forms were not signed until September 4, 2007, and procedural rules generally control litigation from their effective date. *Wilson v. State*, 473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d) for each separate count. Once properly completed and executed, the certifications shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by March 16, 2009. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certifications. If a supplemental clerk's record containing proper certifications is not filed in accordance with this order, this matter will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

---

[1]The proper form for *Certification of Defendant's Right of Appeal* appears in Appendix D to the 2008 Texas Rules of Appellate Procedure.